[Cite as *State v. Salyer*, 2011-Ohio-5559.]

IN THE COURT OF APPEALS OF CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :      C.A. CASE NO. 10CA12

vs.                              :      T.C. CASE NO. 09CR250

MICHAEL LEE SALYER              :      (Criminal Appeal from
                                     Common Pleas Court)
    Defendant-Appellant          :

. . . . . . . . .

## O P I N I O N

Rendered on the 28th day of October, 2011.

. . . . . . . . .

Nick A. Selvaggio, Pros. Attorney, 200 N. Main Street, Office No. 102, Urbana, OH 43078, Atty. Reg. No.0055607
    Attorney for Plaintiff-Appellee

Gary C. Schaengold, Atty. Reg. No.0007144, 707 Shroyer Road, Suite B, Dayton, OH 45419
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Michael Salyer, was indicted by the grand jury on one count of rape involving a child under thirteen years of age, R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition involving a child under thirteen years of age, with a previous conviction for a similar sexual offense involving a

minor child, R.C. 2907.05(A)(4), (C)(2)(b). Defendant entered a guilty plea to an amended charge of attempted rape, R.C. 2923.02(A) and 2907.02(A)(1)(b), as a felony of the first degree pursuant to a negotiated plea agreement. In exchange, the State dismissed the gross sexual imposition charge. The trial court sentenced Defendant to the maximum allowable ten year prison term, and classified Defendant as a Tier III sexual offender.

{¶ 2} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an *Anders* brief, *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

{¶ 3} Defendant's appellate counsel has identified two possible issues for appeal. Appellant counsel first raises an issue concerning the trial court's compliance with Crim.R. 11(C)(2) in accepting Defendant's guilty plea.

{¶ 4} Crim.R. 11(C)(2) governs the trial court's acceptance of guilty or no contest pleas in felony cases and provides:

{¶ 5} "(2) In felony cases the court may refuse to accept a

plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 6} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 7} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 8} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 9} In order to be constitutionally valid and comport with due process, a guilty plea must be entered knowingly, intelligently and voluntarily. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Compliance with Crim.R. 11(C)(2) in

accepting guilty or no contest pleas portrays those qualities.

{¶ 10} In *State v. McGrady*, Greene App. No. 2009CA60, 2010-Ohio-3243, at ¶11-13, this court stated:

{¶ 11} "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim. R. 11(C). If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is void. *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274.

{¶ 12} "A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *State v. Stewart* (1977), 51 Ohio St.2d 86, 93; Crim. R. 52(A). The test is whether the plea would have been otherwise made. *Id.* at 108.

{¶ 13} "A trial court must strictly comply with Crim. R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. *Id.* at 243-44. However, substantial compliance with Crim. R. 11(C) is sufficient when waiving non-constitutional rights. *State v. Nero* (1990), 56 Ohio St.3d 106, 108. The non-constitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the

maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim. R. 11(C)(2)(a)(b); *State v. Philpott,* Cuyahoga App. No. 74392, citing *McCarthy v. U.S.* (1969), 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *Nero,* 56 Ohio St.3d at 108."

{¶ 14} Our review of the plea hearing demonstrates that the trial court scrupulously complied with all of the requirements in Crim.R. 11(C)(2), and advised Defendant about all of the constitutional rights he would give up by pleading guilty, as well as all of the other non-constitutional matters. This record amply demonstrates that Defendant's guilty plea was entered knowingly, intelligently and voluntarily. This assignment of error lacks arguable merit.

{¶ 15} Appellate counsel also raises an issue concerning Defendant's maximum sentence.

{¶ 16} In *State v. Jeffrey Barker*, Montgomery App. No. 22779, 2009-Ohio-3511, at ¶36-37, we wrote:

{¶ 17} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing

maximum, consecutive, or more than minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶37.

{¶ 18} "When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id.*"

{¶ 19} This record demonstrates that in imposing its sentence the trial court considered the purposes and principles of felony sentencing, R.C. 2929.11, and the seriousness and recidivism factors, R.C. 2929.12. The court also considered the presentence investigation report and the oral statements of counsel and Defendant at sentencing. The ten year sentence the court imposed on the attempted rape charge, while the maximum sentence, is

nevertheless within the authorized range of available punishments for a felony of the first degree, which is three to ten years. R.C. 2929.14(A)(1). The court also informed Defendant about mandatory post release control requirements and the consequences for violating post release control. Defendant's sentence is not clearly and convincingly contrary to law. *Kalish*.

{¶ 20} Furthermore, the court's ten year sentence is not an abuse of discretion because this record supports the trial court's ten year sentence. Defendant attempted to rape his twelve year old granddaughter. This offense occurred while Defendant was on post-release control after serving four years in prison for a similar sexual offense involving other children. Additionally, Defendant has a history of criminal convictions, many of which involve assaults and violent behavior. Previous sanctions including community control and sex offender treatment programs have been unsuccessful. Finally, Defendant shows no genuine remorse and, from his statements reported in the presentence investigation report, denies any culpability. We see no abuse of discretion on the part of the trial court in imposing the maximum ten year sentence. This assignment of error lacks arguable merit.

{¶ 21} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found

no error having arguable merit.  Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.

FROELICH, J. And HALL, J., concur.

Copies mailed to:

Nick A. Selvaggio, Esq.
Gary C. Schaengold, Esq.
Michael L. Salyer
Hon. Roger B. Wilson